IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Robert Andre Legette, ) | Civil Action No. 4:11-70064-TLW |
| ) | Cr. No. 4:09-1370 |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| The United States of America, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the Court for consideration of the pro se motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Robert Andre Legette (hereinafter "Petitioner" or "Defendant").

On December 15, 2009, a federal grand jury returned a six count Indictment against Petitioner for various drug and gun offenses. (Doc. # 14). On April 29, 2010, Petitioner entered a plea of guilty as to Count 1 of the Indictment, which alleged that Petitioner did knowingly, intentionally, and unlawfully possess with intent to distribute 5 grams or more of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (Doc. # 62). On June 22, 2010, this Court sentenced Petitioner to 180 months imprisonment with judgment entered on June 25, 2010. (Doc. # 69). Petitioner did not file an appeal. On April 5, 2011, Petitioner, proceeding pro se, filed the current motion under 28 U.S.C. § 2255 asserting four grounds for relief. (Doc. # 74). On May 16, 2011, the Government filed a motion for summary judgment and a supporting memorandum in opposition to Petitioner's petition. (Docs. # 82 & # 83). Pursuant to Roseboro v. Garrison, 528

1

F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed May 19, 2011 that he had thirty-four days to file any material in opposition to the Government's motion. (Doc. # 84). Petitioner filed documents in response to the Government's motion on June 24, 2011, July 28, 2011, and April 12, 2012. (Docs. # 86, # 87, # 91 & # 94). The matter is now ripe for decision.

## 28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a motion in the Court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. "Generally, 28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error," and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing

2

if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's <u>pro se</u> motion, and finds that no hearing is necessary.

## **STANDARD OF REVIEW**

The Government has moved for summary judgment as to all grounds raised by Petitioner. (Doc. # 83). In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. <u>Celotex Corporation v. Catrett</u>, 477 U.S. 317, 323; see also, <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. <u>See Celotex</u>, 477 U.S. at 324. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden

3

of proof. Celotex, 477 U.S. at 322-23 (1986).

**DISCUSSION**

Petitioner asserts four grounds for relief, the majority of which are based upon a theory of ineffective assistance counsel. (Doc. # 74). Petitioner's claims set forth verbatim in his petition are as follows:

1. Whether Defendant was properly categorized as a "Career Offender" under United States Sentencing Guidelines § 4B1.1 et seq., constitutes "Plain Error"?

2. Whether Court appointed defense counsel provided the Defendant with ineffective assistance of counsel at his sentencing hearing violates the Sixth Amendment?
   (1) Defendant should not have received three (3) criminal history points under U.S.S.G. § 4A1.2(d)(1);
   (2) Defendant should not have received one (1) criminal history point under U.S.S.G. § 4A1.1(c);
   (3) Defendant should not have received two (2) additional criminal history points under U.S.S.G. § 4A1.1(d);
   (4) Defendant should not have received one (1) criminal history point pursuant to U.S.S.G. § 4A1.1(e), because U.S.S.G. § 4A1.1(d) did not apply and the "Recency Act of 2012" eliminates § 4A1.1(e) completely.

3. Whether Defendant's sentence should be adjusted in accordance with "The Fair Sentencing Act of 2010" which amended United States Sentencing Guidelines § 2D1.1(c), effective November 1, 2010.

4. Whether court appointed counsel's failure to argue drug quantity determined on the basis of unreliable testimony used as "Relevant Conduct" pursuant to United States Sentencing Guidelines § 1B1.3, as "Ghost Dope," and the totality of the circumstances in the case at bar, rendered Defendant's sentencing hear[ing] a "sham" or "mockery of justice," constitutes ineffective assistance of counsel in violation of Sixth Amendment?

In his supporting memorandum, Petitioner also asserts that his counsel was ineffective for failing to investigate and object to his erroneous categorization as a career offender. Petitioner also argues that since he was allegedly improperly classified as a career offender any waiver of

4

appellate or post-conviction rights is rendered unenforceable.[1]

The crux of Petitioner's entire petition is whether he was properly classified as a career offender. Petitioner asserts that one of the convictions used to qualify him as a career offender was inappropriately used as it was for an alleged juvenile conviction. In asserting that this conviction is a juvenile conviction as opposed to an adult conviction, Petitioner asserts that he did not serve one year and one month in actual prison time, which he believes is required to qualify as an adult conviction.

In order for a defendant to receive career offender status for purposes of sentencing, he or she must satisfy the tripartite requirements of the United States Sentencing Guidelines § 4B1.1 which states, in relevant part:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.
>
> U.S.S.G. § 4B1.1.

Here, it is uncontested that the defendant satisfies the first two prongs of the test. It is the third prong, that the defendant has at least two prior felony convictions for crimes of violence or

---

[1] The Defendant in his Petition acknowledges that his plea agreement contains a waiver of appeal provision. See Doc. # 74-1, pps 5-7; See also ¶ 14 of Doc. # 57. In his Petition, Petitioner asserts that any waiver of his right to appeal or collateral challenge to his sentence is unenforceable due to his perceived "sentencing errors." See id. However, based on the Courts determination that there were no sentencing errors, as Petitioner was properly sentenced as a career offender, this claim would fail as being without sufficient legal merit. The Court does not find that Petitioner is raising an issue pursuant to United States v. Poindexter, 492 F.3d 263, 273 (4th Cir. 2007), and as previously noted, finds no evidentiary hearing to be necessary. Finally, the Court notes that on June 22, 2010, Petitioner executed a document, which was filed with the Court indicating that he had been notified of his right to appeal by the Court, had discussed this right with his attorney, and did not wish to appeal. (Doc. # 67).

5

drug offenses that is in debate.[2] See U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.1. The Sentencing Guidelines define "prior felony conviction" as "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony, and regardless of the actual sentence imposed." U.S.S.G. § 4B1.2, comment. (n. 1). Furthermore, "[a] conviction for an offense committed prior to age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted...." Id. In addition, before a conviction is counted for career offender purposes, the court must consult the guidelines provision for computing criminal history. U.S.S.G. § 4B1.2, app. n. 3. As is relevant to this case, offenses committed prior to age eighteen are to be included in the criminal history calculation if the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month. U.S.S.G. § 4A1.2(d)(1). Finally, application note 2 to 4A1.2 discusses what is a sentence of imprisonment. To qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence. Id. For the purposes of applying U.S.S.G. § 4A1.1(a), (b), or (c), the length of a sentence of imprisonment is the stated maximum (e.g. . . .in the case of an indeterminate sentence for a term not to exceed five years, the stated maximum is five years). Id. That is, criminal history points are based on the sentence pronounced, not the length of time actually served. See U.S.S.G. § 4A1.2(b)(1) and (2). Id.

---

[2]The other conviction used as a predicate offense to classify Petitioner as a career offender is a conviction for possession with intent to distribute crack cocaine which was committed when Petitioner was 19 years old and for which he received a seven year sentence. Petitioner offers no challenge to this conviction.

South Carolina does not consider youthful offender convictions as either adult or juvenile; instead, it gives trial judges the discretion to treat youthful offenders as either juveniles or adults depending on the circumstances of the case. S.C. Code Ann. § 24-19-50; U.S. v. Foster, 259 Fed Appx 567 (4th Cir. 2007); see also, United States v. Pinion, 4 F.3d 941, 944 (11th Cir.1993). The Eleventh Circuit addressed the issue at bar in United States v. Pinion, 4 F.3d 941 (11th Cir.1993). In Pinion, which also interpreted the South Carolina Youthful Offender Act, the court determined that South Carolina did not technically classify the defendant's convictions as either adult or juvenile. That omission required further analysis of the nature of the proceedings, the sentences received, and the actual time served, in accordance with the direction of Guidelines section 4A1.2, app. note 7. Id. at 944 & n. 6. In Pinion, the defendant was convicted in the Court of General Sessions, an adult court; he received indeterminate sentences not to exceed six years for his various crimes; and he was actually confined for 27 months. Id. at 944. The court found these factors demonstrated that South Carolina had proceeded against Pinion as an adult. Id. at 945.

This Court reaches the same conclusion as the Pinion court on the facts of this case. Here, Petitioner was convicted and sentenced for strong arm robbery in the Court of General Sessions- an adult court. He received an indeterminate sentence not to exceed six years on this conviction. He was actually confined for a period of time in excess of one year. Based on these facts, the Court finds that Petitioner's conviction for strong arm robbery was an adult state conviction for an offense punishable by imprisonment for a term exceeding one year. Additionally regardless of the actual incarceration time, Defendant clearly received a sentence of imprisonment of more than one year and one month.[3] Accordingly, for the reasons set forth above, the Court finds that

---

[3]The Court also notes that it does not matter if, as Petitioner indicates, he was incarcerated for a period of time in a juvenile facility.

7

Petitioner's conviction for strong arm robbery was appropriately assessed three criminal history points and was also appropriately used as a predicate offense for career offender purposes. Accordingly, to the extent that Petitioner challenges his classification as a career offender, this claim is without merit.

Petitioner also alleges that his counsel was ineffective for failing to challenge his status as a career offender, and for failing to object to the award of three criminal history points for his strong arm robbery conviction. In order to prevail on a claim of ineffective assistance of counsel, a defendant must prove two things: one, that counsel's performance fell below an objective standard of reasonableness; and two, that counsel's deficiencies prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687-692, 104 S.Ct. 2052, 2063-67 (1984). A defendant asserting an ineffective assistance of counsel claim must satisfy both prongs, and a failure of proof on either prong ends the matter. U.S. v. Roane, 378 F.3d 382, 404 (4th Cir. 2004) (citing Williams v. Kelly, 816 F.2d 939, 946-47 (4th Cir.1987)).

Under the first prong of Strickland, we apply a "strong presumption" that a trial counsel's strategy and tactics fall "within the wide range of reasonable professional assistance." Id. (citing Strickland, 466 U.S. at 689). For a lawyer's trial performance to be deficient, his errors must have been so serious that he was not "functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. (citing Strickland at 687). The reasonableness of a lawyer's trial performance must be "evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of reasonableness is highly deferential." Id. (citing Kimmelman v. Morrison, 477 U.S. 365, 381 (1986); Strickland, 466 U.S. at 689).

In order to establish prejudice under Strickland 's second prong, a defendant must show

that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." Id.

The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . .." Id. at 689. As the Strickland Court observed:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.

Id. at 689. (Citations ommitted).

Having previously outlined that Petitioner was properly awarded criminal history points for his strong arm robbery conviction and that Petitioner was properly classified as a career offender, the Court finds that there was no error by his attorney in not objecting to the Pre-Sentence Investigation report (hereinafter "PSI"). Accordingly, Petitioner's ineffective assistance of counsel claims related to this strong arm robbery conviction are without merit.

Petitioner also alleges that his counsel was ineffective for failing to challenge other criminal history points assessed in the PSI. However, as Petitioner was properly determined to be a career offender, his criminal history automatically became a category VI.. See U.S.S.G. 4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be Category VI.") Accordingly, any challenges by counsel to other criminal history points would

have been pointless, as Petitioner's criminal history category would have remained at VI. Similarly, Petitioner objects that his counsel was ineffective for failing to object to and argue against the drug weights assigned to Petitioner pursuant to relevant conduct.[4] Again, as Petitioner was properly determined to be a career offender, his guidelines were determined based on his career offender status and not based on drug weights. Accordingly, any challenge to drug weight would not have resulted in any change in Petitioner's guideline range. In each of these instances, Petitioner has made an assertion that counsel has failed to do something that Petitioner feels he should have done, but he has not shown that counsel's performance fell below an objective standard of reasonableness, much less that any deficiency in counsel's representation resulted in prejudice to Petitioner. Accordingly, the Court finds these claims to be without sufficient legal merit.

Finally, Petitioner asserts that he is entitled to relief pursuant to the Fair Sentencing Act of 2010. This case does not qualify for any benefit under the Fair Sentencing Act as the Petitioner was determined to be a career offender. The Chapter Four Enhancements (for being a career offender) over-ride the Chapter Two guideline determinations based on drug weight.[5] Accordingly, the Court finds this claim is without sufficient legal merit.

---

[4]The Court notes the Statement of Reasons in Petitioner's case indicates that at sentencing the drug weights for which Petitioner was held accountable were reduced from what was tallied in his original PSI. His Base Offense Level for drug weight alone dropped from a 38 to a 34. He then received a two level enhancement under U.S.S.G. 2D1.1(b)(1) for a firearm which resulted in an adjusted offense level of 36. His career offender status under Chapter Four took his Offense Level to a 37. He then received a three level reduction for acceptance of responsibility which resulted in a Total Offense Level of 34.

[5]Based on this same analysis, Petitioner's "motion for reduction of sentence based on Guideline Amendment 750 (FSA) Effective Nov. 1, 2010 concerning weight equivalency of cocaine base 18 to 1 ratio" is likewise **DENIED**. (Doc. # 101). See also Doc. # 98.

**CONCLUSION**

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED** (Doc. # 74) and the Government's motion for summary judgment is **GRANTED** (Doc. # 83). This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/Terry L. Wooten
TERRY L. WOOTEN
United States District Judge

August 22, 2012
Florence, SC